IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RICHARD CASTRO | ) | Case No. 11-17771 ABC |
| VATASI CASTRO, | ) | Chapter 7 |
|        Debtors. | ) | |

**ORDER DENYING MOTION TO REOPEN BANKRUPTCY CASE**

THIS MATTER is before the Court upon the Motion to Reopen Chapter 7 Proceeding ('Motion") filed by Debtors on April 2, 2013.  On April 2, 2013, Debtors also filed an Amended Schedule F listing two unsecured creditors.  According to their Motion, Debtors seek to reopen their case in order "that an additional pre-filing creditor be discharged."  Debtors apparently believe that by now listing a creditor on an amended schedule they will obtain a discharge of the debt.

The relief Debtors seek may not be obtained by reopening their case to list an additional creditor that was previously unscheduled.  Pursuant to 11 U.S.C. § 523(a)(3), a unlisted or unscheduled debt is not discharged unless the creditor has notice or actual knowledge of the bankruptcy case in time to file a timely proof of claim.  In Debtors' Chapter 7 case, the time for filing a timely proof of claim was November 25, 2011.  (See Notice of Possible Dividends, issued on August 22, 2011, at Docket #29.)

Unless the creditor whose debt Debtors now seek to discharge had notice or actual knowledge of Debtors' bankruptcy case prior to November 25, 2011, the debt originally unscheduled will not be discharged. The proper means to determine whether Debtors' discharge includes the unscheduled debt is to obtain a judicial determination of dischargeability under 11 U.S.C. § 523(a)(3).  Pursuant to Local Bankruptcy Rule 5010-1(c), Debtors' case need not be reopened to file such an adversary proceeding, nor does the bankruptcy court have exclusive jurisdiction of such an action.

The Court need not reopen a case where reopening does not afford the moving party any relief.  *In re Schicke*, 290 B.R. 792, 798 (10th Cir. BAP 2003).  Accordingly, it is

ORDERED that the Motion to Reopen is denied; and it is

FURTHER ORDERED that the Clerk of the Court is instructed to reimburse Debtors for any reopening fee paid into the Court.

DATED: April 15, 2013                           BY THE COURT:

                                                                                                     _____
                                                                                                     A. Bruce Campbell,
                                                                                                     United States Bankruptcy Judge

Case:11-17771-ABC Doc#:47 Filed:04/15/13 Entered:04/22/13 13:59:00 Page2 of 2